```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF SOUTH CAROLINA
                            CHARLESTON DIVISION
```

Samuel C. Woodruff, #0995,         )   C. A. No. 2:07-1429-CMC-RSC
                                   )
            Plaintiff,             )
                                   )
       -versus-                    )   **REPORT AND RECOMMENDATION**
                                   )
Nurse Pounds, Head Nurse; and      )
Greenville County Detention Center )
Medical Staff,                     )
                                   )
            Defendants.            )
_____)

On May 21, 2007, the plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983, and he was Ordered at that time to "keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29201)** if your address changes for any reason . . . If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline . . . your case may be dismissed for violating this order." (Emphasis in original).

On November 2, 2007, the defendants filed a Motion for Summary Judgment. On November 6, 2007, a Roseboro Order was forwarded to the plaintiff by the court. This order was mailed to the plaintiff's last known address (Greenville County Detention Center, 20 McGee Street, Greenville, South Carolina 29601). The envelope containing this order was returned to the court on November 19, 2007, marked "Return to Sender - Attempted - Not Known - Unable to Forward - Released". Then this order was mailed to plaintiff at

Pickens County Prison, Attn: Sgt. Peppers, 182 Prison Camp Road, Pickens, SC 29671. This order was returned to the court on December 4, 2007, marked "manual return to sender - unable to forward - 303 Austin Street, Greer, SC 29651". Then the Clerk's Office mailed the order to the plaintiff at 303 Austin Street, Greer, SC 29651. Nothing further has been received from the plaintiff.

Based on the foregoing lack of action on the part of the plaintiff in neither responding to the Motion for Summary Judgment nor keeping the court advised of his address, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution and failure to comply with the court's order to keep the court advised of his current mailing address.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
January 15, 2008

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).